Document Number 0241
Case Number 07-CR-0123-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
10/12/2007 02:09:40 PM CDT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | PRETRIAL MOTION HEARING ORDER |
| v. | |
| LONNIE WHITAKER, | 07-CR-123-C |
| Defendant. | |

_____

On October 10, 2007, this court held the pretrial motion hearing and an evidentiary hearing. Defendant Lonnie Whitaker was present with his attorney, David Mandell. The government was represented by Assistant United States Attorney Rita Rumbelow.

Prior to the hearing, Whitaker filed a series of discovery motions and a suppression motion. After taking a discovery proffer from the government and discussing the motions with both sides, I granted the motion docketed as 11, granted in part and denied in part 18, denied 12, 13, 15, 16 and 17, and set 14 and 19 for briefing. Whitaker may file his briefs in support of these motions not later than October 19, 2007, with the government response due October 26, 2007 and any defense reply due October 31, 2007. Same-day service is required. The government must disclose expert witnesses not later than October 22, 2007, with any reciprocal defense expert disclosure by November 5, 2007.

I will provide draft voir dire questions and jury instructions closer to the parties' submission deadline for the final pretrial conference. The parties had no other matters to bring to the court's attention.

Entered this 11th day of October, 2007.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge

**ORDER GOVERNING FINAL PRETRIAL CONFERENCE**

1  The preliminary pretrial conference order tells the parties what documents must be submitted for the final pretrial conference and what the deadlines are for submitting them.

2.  The court's standard voir dire questions and standard jury instructions are attached to this order and will be asked in every case.  The parties should not duplicate the standard questions or instructions.

3.  A party must submit to the court EITHER

   a) a hard copy version of any proposed additional questions for voir dire examination, proposed form of special verdict and proposed additional jury instructions; OR, IF THE PARTY HAS ACCESS TO E-MAIL,

   b) an electronic copy of any proposed additional voir dire questions, proposed form of special verdict and proposed jury instructions in full electronic text (that is, not just by citation) by e-mailing them in a single document in WordPerfect or Microsoft Word format to **ecfbbc@wiwd.uscourts.gov**.

4.  Proposed jury instructions shall be submitted in the following form:

   A.   Pattern instructions are to be requested by reference to the source (e.g., court's standard instruction or Devitt & Blackmar, § 18.01); and

   B.   Special instructions or pattern instructions, whether modified or not, must be presented double-spaced with one instruction per page, and each instruction shall show the identity of the submitting party, the number of the proposed instruction, and the citation of the pattern instruction, decision, statute, regulation or other authority supporting the proposition stated, with any additions underscored and any deletions set forth in parentheses. **The e-mail version of a party's proposed instructions must follow this format.**

5.  The court retains the discretion to refuse to entertain voir dire questions, special verdict forms, or jury instructions not submitted in accordance with this order or the preliminary pretrial conference order unless the subject of the request is one arising during trial that could not reasonably have been anticipated prior to trial.

6. Each party shall be represented at the final pretrial conference by the lawyer who will actually try the case unless the party is proceeding pro se, in which case the pro se party must appear.  A party represented by counsel shall also be present in person unless

A. Counsel has been delegated the full authority to settle the case; or

B. Attendance in person is impossible and arrangements are made for communication by telephone during the entire duration of the conference for the purpose of acting upon settlement proposals.